**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE RENE CASTANEDA-MONDRAGON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BRIAN ACUNA, Acting Field Office Director of Immigration and Customs Enforcement, New Orleans Field Office, et al., | ) | No. 2:25-cv-03044-SHL-tmp |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING MOTION TO HOLD IN ABEYANCE THE BRIEFING OF
THE EAJA FEES REQUEST**

Before the Court is Respondents' unopposed motion to hold in abeyance the Parties' briefings on the attorney's fees request made by Petitioner Jose Rene Castaneda-Mondragon. (ECF No. 14.)  The order entered on December 30, 2025, granted Castaneda-Mondragon's 28 U.S.C. § 2241 petition and ordered Respondents to provide him with a bond hearing before an immigration judge.  (ECF No. 13 at PageID 89.)  In that order, the Court also directed Castaneda-Mondragon to file an appropriate motion addressing attorney's fees and costs, if he still seeks them, within twenty-one days.  (Id. at PageID 88–89.)

Respondents assert that, under 28 U.S.C. § 2412(d)(1)(B) (the Equal Access to Justice Act, "EAJA"), "the Court does not yet have jurisdiction" to decide the EAJA attorney's fees issue.  (ECF No. 14 at PageID 90.)  Respondents further contend that the statutory language in § 2412 makes a motion for attorney's fees due "within 30 days of final judgment."  (Id. at PageID 91.)  They state that, because "final judgment" in the EAJA means "a judgment that is final and not appealable," the time at which a judgment becomes "final" here is sixty days after the date of

a district court's judgment.  (Id.)  For these reasons, they argue, the thirty-day window within which to file an EAJA motion will not start running until sixty days after entry of final judgment—therefore, such a motion only becomes ripe ninety days after final judgment.  (Id. (citing Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991)).)  Respondents consulted with Castaneda-Mondragon and he does not oppose the Motion.  (Id. at PageID 92.)

In accordance with 28 U.S.C. § 2412(d)(1), Federal Rule 54(d), and Local Rule 54.1, the Motion is **GRANTED**.  Castaneda-Mondragon has until **ninety days after** the entry of final judgment in this matter to move for attorney's fees under the EAJA.  If this motion is filed, responses and replies shall be governed by the Local Rules.

**IT IS SO ORDERED,** this 5th day of January, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE